

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

JEAN MARC CHARLES,

                Plaintiff,

     -against-

SLADE INDUSTRIES, INC.,

               Defendants.
-------------------------------------------------------------------------X

**ORDER**

**19-CV-3013 (NGG) (SMG)**

NICHOLAS G. GARAUFIS, United States District Judge.

This is a negligence action to recover damages for injuries allegedly sustained by

Plaintiff Jean Marc Charles as a result of an elevator accident that occurred January 17, 2018.

(See Compl. (Dkt. 1-1).) Plaintiff filed his complaint in the Supreme Court of New York,

County of Kings, and Defendant Slade Industries, Inc. removed the action to this court on May

21, 2019. (See Notice of Removal (Dkt. 1).) On June 19, 2019, Plaintiff moved to remand the

case to state court, arguing that this court lacks subject matter jurisdiction because the parties are

not diverse. (Mot. to Remand ("Mot.") (Dkt. 9).)

In its notice of removal, Defendant asserted that this court "has original jurisdiction under

the provisions of 28 U.S.C. § 1332" because Plaintiff "allege[s] that [his] damages exceed the

sum or value of $75,000.00, exclusive of interest and costs, and [the action] is between citizens

of different states." (Notice of Removal ¶ 5.) The parties agree that Plaintiff is domiciled in

New York, and that the amount in controversy exceeds $75,000.00. (See Mot. ¶¶ 3-4; Def.

Mem. of Law in Opp'n to Mot. ("Opp'n") (Dkt. 14-2) at 1.) They disagree, however, about

Defendant's domicile. Plaintiff argues that Defendant is domiciled in both New Jersey and New

York (Mot. ¶ 4), and Defendant claims it is domiciled only in New Jersey. (Opp'n at 1.) For the

following reasons, the court agrees with Defendant.

1

For the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation can only have one principal place of business, and that is "the place where the corporation's high level officers direct, control and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 80-81 (2010); see also id. at 93. After jurisdictional allegations have been challenged, the party asserting diversity jurisdiction must then "justify its allegations by a preponderance of evidence." United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square, 30 F.3d 298, 305 (2d Cir. 1994) (quotation marks and citation omitted) (alteration adopted). As a general matter, "a corporate officer's sworn statement [is] sufficient proof of a corporation's principal place of business." Kanowitz v. Broadridge Fin. Sols., Inc., No. 13-CV-649, 2014 WL 1338370, at *10 (E.D.N.Y. Mar. 31, 2014).

Plaintiff "contends that [D]efendant's . . . principal place of business and actual headquarters is located in the State of New York" and that Defendant is therefore "a citizen of both the State of New Jersey for the purpose of incorporation and the State of New York for the purpose of its principal place of business." (Mot. ¶ 4.) Therefore, Plaintiff continues, "[d]iversity of citizenship is defeated since plaintiff and defendant are both citizens of New York." (Id.) In support of this argument, Plaintiff relies on the following facts:

- On LinkedIn, Defendant advertises that it maintains its headquarters in New York, NY and lists its primary address as 137 East 25th Street, New York, NY 10010 (id. ¶ 7);

- A Google search for "Slade Elevator" indicates that Defendant advertises its New York address at 137 East 25th Street and its New York City telephone number (id.);

- Defendant's website places its New York address in the top left of its homepage and its New Jersey location and phone number in the top right (id.);

- Defendant's vehicle displays its New York address (id.); and

- As of the fiscal year ending March 31, 2018, Defendant had 18 open contracts with the State of New York worth $20,289,327.65 had has only one contract with the State of New Jersey, which it shared with other contractors (id. ¶ 8).

According to Plaintiff, these facts are sufficient to establish that Defendant maintains its headquarters in, and thus is domiciled in, New York. (Id. ¶ 10.)

In opposition to Plaintiff's motion, Defendant submitted a declaration by its president, Paul Bolinger. (Bolinger Decl. (Dkt. 14-1 at ECF p.4) ¶ 1.) Mr. Bolinger states, inter alia, that:

- All of Defendant's officers and directors "are housed at Slade's corporate headquarters located at 1101 Bristol Road, Mountainside, New Jersey 07092" (id. ¶ 6);

- "All of [Defendant's] decision making and corporate activities are conducted out of [its] headquarters" in New Jersey (id. ¶ 7); and

- "[Defendant's] corporate books are located at [its] corporate headquarters in Mountainside, New Jersey" (id. ¶ 8).

These facts demonstrate, by a preponderance of the evidence, that Defendant's principal place of business is in New Jersey. See Chambers v. Slade Indus., Inc., 18-CV-6262, ECF No. 13, at 3 (S.D.N.Y. Oct. 25, 2018) (finding, on similar facts, that Slade's principal place of business is its corporate headquarters in New Jersey). This conclusion is not changed by the fact that Defendant advertises its office in New York, nor by the fact that it does more of its business in New York than in New Jersey. See Hertz Corp., 559 U.S. at 96 ("For example, if the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river in New York, the 'principal place of business' is New York.").

3

Plaintiff's (Dkt. 9) motion to remand is therefore DENIED.

SO ORDERED.

S/ Nicholas G. Garaufis

Dated: Brooklyn, New York
      December 11, 2019

NICHOLAS G. GARAUFIS
United States District Judge